Loretta H. Rush, Chief Justice of Indiana
Pursuant to Indiana Admission and Discipline Rule 23 (12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.
Stipulated Facts: Count 1. In 2015 Respondent settled a personal injury lawsuit on behalf of "Client 1." A third party had paid for Client 1's medical expenses and had a lien on any recovery. Respondent never reimbursed the lienholder despite multiple inquiries from the lienholder's counsel, nor did Respondent provide the lienholder's counsel with an accounting of the settlement payments. In his response to the Commission, Respondent claimed he had no knowledge of the lienholder's counsel, when Respondent either knew or should have known of counsel's communications with his office.
Count 2. In 2012 Respondent settled a personal injury lawsuit on behalf of "Client 2." A third party had paid for Client 2's medical expenses and had a lien on any recovery. The lienholder's counsel provided Respondent with the lien notice prior to settlement. Respondent never reimbursed the lienholder, nor did Respondent provide the lienholder with an accounting of the settlement payments.
Count 3. Two criminal co-defendants ("Client 3A" and "Client 3B") hired Respondent to represent them. Respondent never obtained written informed consent from either client regarding an actual or potential conflict of interest. At some point, Respondent withdrew from Client 3A's representation due to nonpayment of attorney fees, and a public defender appeared for Client 3A.
In February 2018, Client 3A approached Respondent at Respondent's law office, seeking to exculpate Client 3B. Client 3A provided Respondent with a handwritten confession, which Respondent then had an assistant type and had Client 3A sign, all despite knowing Client 3A was represented by a public defender.
In April 2018, Client 3A was arrested on a new charge. Client 3A sought Respondent's representation on both the new matter and the original matter. Respondent met ex parte with the trial judge to inquire whether Client 3A's bond money could be released for an attorney fee, and the judge told Respondent to talk with the prosecutor.
At a subsequent hearing, the trial court disqualified Respondent as counsel for Clients 3A and 3B due to the conflict of interest.
Count 4. Respondent represented "Client 4" in a criminal matter stemming from the ownership and possession of dogs that eventually were confiscated by police and the city's animal shelter ("City" and "Shelter" respectively). During this time Respondent's law firm represented the City as corporation counsel, and Respondent's law partner was counsel for the Shelter. Respondent never obtained written informed consent from the City or *455 Client 4 about actual or potential conflicts of interest in the dual representation.
Client 4 ultimately was convicted in 2012 of multiple counts of animal cruelty and possession of animals for fighting contests, and later unsuccessfully sought postconviction relief on grounds that included Respondent's conflict of interest.
Respondent did not timely respond to the Commission's demand for information regarding this matter, leading to the initiation of a show cause proceeding that was dismissed when Respondent belatedly complied.
Count 5. Respondent was convicted and sentenced in early 2012 for criminal recklessness and OWI with an alcohol concentration equivalent of .15 or more, both class A misdemeanors. Respondent failed to report the convictions to the Commission.
Violations: The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:
1.7: Representing a client when the representation is directly adverse to another client, without obtaining informed, written consent from the client.
1.9: Representing a person in a matter in which that person's interests are materially adverse to the interests of a former client without the former client's informed consent.
1.10(a): Knowingly representing a client when another lawyer associated in the respondent's firm would be prohibited from doing so.
1.15(d): Failing to deliver promptly funds owed to a third person and to provide an accounting.
3.5(b): Engaging in an improper ex parte communication with a judge.
4.2: Improperly communicating with a person the lawyer knows to be represented by another lawyer in the matter.
8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.
8.1(b): Failing to respond in a timely manner to the Commission's demands for information.
The parties also agree that Respondent violated Indiana Admission and Discipline Rule 23 (11.1) by failing to notify the Commission of his convictions.
Discipline: The parties propose the appropriate discipline is a 180-day suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.
For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than 180 days, without automatic reinstatement, beginning October 3, 2019. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. See Admis. Disc. R. 23(18)(b).
*456 The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.
All Justices concur.